IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Lakeshia Mumford, | ) | C/A No. 4:19-1330-SAL |
|                 Plaintiff, | ) ) ) | |
| v. | ) ) | **OPINION & ORDER** |
| Florence County Disabilities and Special Needs Board, | ) ) ) ) | |
|                 Defendant. | ) ) | |

This matter is before the court for review of the September 29, 2020 Report and Recommendation of United States Magistrate Judge Kaymani D. West (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). For the reasons outlined herein, the court adopts the Report, overrules Plaintiff Lakeshia Mumford ("Plaintiff")'s objections, and grants summary judgment in favor of the Defendant Florence County Disabilities and Special Needs Board ("Defendant").

**PROCEDURAL BACKGROUND**

This is an employment dispute brought by Plaintiff against her former employer for alleged violations of the Americans with Disabilities Act ("ADA"); the Age Discrimination in Employment Act ("ADEA"); and the Family Medical Leave Act ("FMLA"). [ECF No. 12, Am. Compl.][1] On May 19, 2020, Defendant filed a motion for summary judgment on all claims. [ECF No. 46.] Plaintiff submitted a memorandum in opposition, and Defendant replied. [ECF Nos. 49, 53.] On September 29, 2020, the Magistrate Judge issued the Report that is the subject of this

---

[1] The court dismissed Plaintiff's claim for wrongful discharge in violation on public policy by order dated November 5, 2019. [ECF No. 31.]

1

order. Therein, the Magistrate Judge recommends that the court grant Defendant's motion for summary judgment. [ECF No. 56.]

Attached to the Report was the notice of right to file objections. *Id.* Plaintiff filed objections on October 13, 2020, and Defendant replied. [ECF Nos. 57, 58.] Accordingly, the matter is ripe for this court's review. As an initial matter, the court notes that the Report sets forth, in great detail, the relevant facts and standards of law on this matter. Neither Plaintiff nor Defendant object to the Report's recitation of the facts and accordingly, this court incorporates those facts herein without another recitation.

## STANDARDS OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

Further, summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. American Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary

judgment shoulders the initial burden of demonstrating to the court that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party makes this threshold demonstration, the non-moving party may not rest upon mere allegations or denials averred in the pleading, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56; *see also Celotex Corp.*, 477 U.S. at 323.

A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). A litigant is unable to "create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1996).

## DISCUSSION

Plaintiff's objections solely relate to the Report's recommendations on her ADA claims. [*See* ECF No. 57 at p.6 ("As such, Plaintiff's ADA claim should not be dismissed.").] As outlined below, the bulk of Plaintiff's objections are not sufficiently specific and therefore do not warrant de novo review. The only objection that could be construed as a specific is waived.

3

### I. Failure to Object: Clear Error Review.

Before reaching the specificity and waiver issues however, the court will briefly address its clear error review of the ADEA and FMLA claims. Because Plaintiff did not object to the Report's recommendations related to those claims, she is not entitled to a de novo review. After a thorough review of the Report, the applicable law, and the record of this case in accordance with the standard, the court finds no clear error as to the Report's recommendations on the ADEA and FMLA claims, adopts those portions of the Report, and incorporates those portions of the Report by reference herein. [ECF No. 56 at pp.18–27.]

### II. Lack of Required Specificity: Clear Error Review.

Now, the court turns to Plaintiff's objections to the Report's recommendations on her ADA claims. The objections are almost entirely general. To constitute a "specific objection" warranting de novo review, an objection must be made with "sufficient specificity so as reasonably to alert the district court to the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). To require less would waste judicial resources and "defeat the purpose of requiring objections." *Id.*; *see also Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("Courts have also held de novo review to be unnecessary . . . when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations.").

Here, Plaintiff makes the blanket contention that she "established a record of impairment that affected her ability to work," references various case citations, statutes, and definitions, and then "incorporates and reiterates the same evidence and argument within Plaintiff's Opposition to Defendant's Motion for Summary Judgment[.]" [ECF No. 57 at pp.3–5.] Such an objection can only be described as general. To draw any meaning from the objection, the court would have to

4

review Plaintiff's entire prior submission. As noted above, this court is not required to undertake such a task. *See Hudson v. City of Columbia*, No. 3:13-cv-429, 2015 WL 337637, at *3 (D.S.C. Jan. 26, 2015) ("[A]llowing such an approach would defeat the purpose of requiring specific objections as a prerequisite to de novo review because it would increase, rather than decrease, the burden on the judiciary, thus defeating the purpose of the magistrate judge system."). Plaintiff is not entitled to a de novo review of these general contentions related to a "record of impairment." Again, the court reviewed the Report's recommendations in this regard for clear error; having found none, the court adopts the relevant portions of the Report by reference herein. [ECF No. 56 at pp.13–17; *see also* n.6.]

### III. Waiver.

The only objection that could be construed as a specific objection is Plaintiff's contention that the Report erred in failing to consider a "regarded as" analysis for purposes of the first element of an ADA claim. [*See* ECF No. 57 at p.5 (outlining "regard as" objection).] Ultimately, however, this court need not decide this issue as Plaintiff waived the argument by failing to raise it before the Magistrate Judge. [*See* ECF No. 56 at p.14 n.5 ("Here, Plaintiff makes no argument that she was 'regarded as' having a disability.").]

"The Court is not obligated to consider new arguments by a party for the first time in objections to the [] Report." *Dune v. G4s Regulated Sec. Solutions, Inc.*, No. 0:13-cv-01676, 2015 WL 799523, at *2 (D.S.C. Feb. 25, 2015); *see also Jesselson v. Outlet Assocs. of Williamsburg, Ltd. P'ship*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991) ("A magistrate's decision should not be disturbed on the basis of arguments not presented to him."). "[T]he purpose of the Magistrates Act is to allow magistrates to assume some of the burden imposed on district courts and to relieve courts of unnecessary work." *Jesselson*, 784 F. Supp. at 1228. To allow Plaintiff to present her case to the

Magistrate Judge and then, when unsuccessful, present a new argument to this court, would circumvent this purpose. Accordingly, "[p]arties should . . . fully advance their arguments, at all stages of the litigation, unless they are prepared to waive them." *ContraVest Inc. v. Mt. Hawley Ins. Co.*, 273 F. Supp. 3d 607, 619 (D.S.C. 2017) (citation omitted).

In this case, though the court has the power to address an argument that was not presented to a magistrate judge, the court does not find it appropriate to do so here. The Report is thorough, detailed, and extensively analyzes the issues raised by the parties. In contrast, Plaintiff's objections are vague, conclusory, and rehash her summary judgment memorandum in its entirety. To perform a discretionary de novo review in such an instance would serve to ignore the great benefit the judiciary receives from the report and recommendation process and give Plaintiff another bite of the proverbial apple. This court simply is disinclined to go down that path. Plaintiff's arguments related to the "regarded as" portion of the first element of an ADA claim are waived.

## CONCLUSION

In accordance with the foregoing analysis, the court overrules the objections, **ADOPTS** the Report, ECF No. 56, in its entirety, and incorporates the Report herein by reference. As a result, Defendant's Motion for Summary Judgment, ECF No. 46, is **GRANTED**.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

January 5, 2021
Florence, South Carolina

6